**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANK OF AMERICA, N.A., FKA Countrywide Home Loans Servicing, LP, Successor by Merger on behalf of BAC Home Loans Servicing, LP; FEDERAL NATIONAL MORTGAGE ASSOCIATION, | No. 20-16624 <br><br> D.C. No. 2:16-cv-02835-APG-DJA <br><br> MEMORANDUM* |
| Plaintiffs-Appellees, | |
| v. | |
| SUMMIT REAL ESTATE GROUP, INC., | |
| Defendant-Appellant, | |
| and | |
| ESTRELLA II HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 15, 2021
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Defendant-appellant Summit Real Estate Group, Inc., ("Summit") appeals from the district court's grant of summary judgment to plaintiffs-appellees Federal National Mortgage Association ("Fannie Mae"), a regulated entity under the conservatorship of the Federal Housing Finance Agency ("FHFA"), and Bank of America ("BANA"), the loan servicer for Fannie Mae. On appeal, Summit contends that the Nevada ancient-lien statute, codified at Nev. Rev. Stat. § 106.240, terminated Fannie Mae's deed of trust securing a mortgage on a residential property. The district court held that Nev. Rev. Stat. § 106.240 did not terminate the deed of trust because BANA's 2011 rescission of its 2009 notice of default effectively canceled the acceleration of the mortgage loan.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017), we affirm.

The Nevada Supreme Court recently held that, where a prior notice of default accelerates a mortgage loan and makes it wholly due, a subsequent rescission of that notice of default effectively cancels the acceleration of the mortgage contained therein. *Glass v. Select Portfolio Servicing, Inc.*, 466 P.3d 939

2

(Table), 2020 WL 3604042, at *1 (Nev. July 1, 2020) (unpublished). Although *Glass* is an unpublished opinion, under Nev. R. App. P. 36(c)(3) unpublished decisions issued by the Nevada Supreme Court on or after January 1, 2016, can be cited for their persuasive value.

Because the facts of *Glass* are similar to the undisputed facts here, we find it persuasive. BANA recorded a notice of default that accelerated the mortgage in 2009, making it wholly due. In 2011, BANA recorded a rescission of election to declare default, which "rescind[ed], cancel[ed] and withdr[e]w the [2009] Notice of Default and Election to Sell." Under *Glass*, BANA's 2011 rescission effectively canceled the acceleration of the mortgage by expressly revoking the 2009 notice of default. The fact that BANA, in 2019, recorded a second rescission explicitly revoking the acceleration of the mortgage does not mean that the first rescission had not already canceled the acceleration under *Glass*. Nev. Rev. Stat. § 106.240 is thus inapplicable because the mortgage ceased to be wholly due in 2011.

The FHFA, as amicus curiae, argues that a federal statute of limitations that provides the FHFA with at least six years to assert its claims preempts Nev. Rev. Stat. § 106.240, to the extent that the latter extinguishes the FHFA's otherwise timely claims under the federal statute of limitations. *See* 12 U.S.C.

3

§ 4617(b)(12)(A).  Because we hold that Nev. Rev. Stat. § 106.240 is not applicable to this case, we do not reach this question.

**AFFIRMED.**